## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LESLIE OLDSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV-11-1065-M |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| **WARDEN, EL RENO FCI,** | ) |
| | ) |
| **Respondents.** | ) |

## **REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing *pro se*, has filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondents have filed a Motion for Summary Judgment [ Doc. 15]. The time to respond to Respondents' motion has expired, and Petitioner has neither responded nor requested additional time to respond. For the reasons set forth herein, the undersigned finds that Petitioner has failed to exhaust his claim for habeas relief, and that the petition should therefore be dismissed.

## **ANALYSIS**

In a memorandum filed in support of his Petition (Memorandum) [Doc. No. 2], Petitioner asserts that he is "in the process of completing the 500 Hour residential Drug program." Memorandum, p. 1. According to Petitioner, he has been informed that

whether or not he successfully completes the Residential Drug Abuse Program (RDAP), he will not be eligible for a sentence reduction because the Bureau of Prisons (BOP) has determined that he has a prior felony conviction which was a crime of violence. Memorandum, p. 1; Petition, Attach., pp. 1-5. Petitioner challenges that decision and seeks habeas relief in the form of a "grant [of] the one year off for the completion of the drug program." Petition, p. 5.

Respondents contend that Petitioner has not exhausted his claim through BOP procedures.[1]

## I. The Requirement for Exhaustion

Although recognizing that 28 U.S.C. § 2241 contains no express language requiring exhaustion of administrative remedies, the Tenth Circuit has held that federal prisoners must exhaust the available administrative remedies as a prerequisite for § 2241 habeas relief. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). In order to exhaust, an inmate must "attempt informal resolution of a complaint and, if that fails, . . . submit a formal request for an administrative remedy to the institution." *Id.* at 1204 (citing 28 C.F.R. §§ 542.13-14). "If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal." *Id.* (citing 28 C.R.F. § 542.15(a)). "The exhaustion requirement is satisfied by 'using all steps

---

[1] In light of the undersigned's recommendation that the Petition be dismissed for failure to exhaust, Respondents' argument that Petitioner's claim for habeas relief is without merit has not been addressed.

that the agency holds out.'"  *Jones v. Davis*, 366 Fed. Appx. 942, 944 (10th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

## II. The Evidence of Petitioner's Failure to Complete the Exhaustion Process

"The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions."  *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).  Petitioner has provided documentation showing exhaustion through the regional level.  Petition, Attach., pp. 1-5.  However, Petitioner failed to attach any evidence showing exhaustion through the national level or explain his failure to pursue that avenue for relief.  Nor did he argue application of the futility exception to the exhaustion requirement. *See Wilson v. Jones*, 430 F.3d 1113, 118 (10th Cir. 2005)(exhaustion requirement inapplicable when prisoner has no adequate remedy). Respondents confirm that Petitioner did not seek a national appeal.  Motion for Summary Judgment, Ex. 1, pp. 3-4.  In light of this undisputed evidence, the undersigned finds that Petitioner has not completed the exhaustion process as required.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that Respondents' Motion for Summary Judgment [Doc. 15] be granted and the Petition dismissed without prejudice for failure to exhaust the available administrative remedies.

Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2).  Any such objection must

be filed with the Clerk of this Court by the 24th day of April, 2012.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 4th day of April, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE